NATHANIEL M. HORTON & another *vs.* CHARLES W. WEAD.

No exception lies to a refusal to strike from the docket an entry of an order for the dismissal of an action.

CHAPMAN, J. This was an action of contract, brought originally in the police court of Newburyport, and brought by appeal to the superior court, in which on the 10th of September 1863, the defendant filed a motion that the action be dismissed for

Horton & another *v.* Wead.

want of jurisdiction and insufficient service. Upon this motion the court ordered that the action be dismissed. It does not appear on what day this order was entered. On the 15th of September, and during the same term, the plaintiff filed a motion that the entry " dismissed " be stricken from the docket. This motion was, of course, addressed to the discretion of the court, and was in effect a motion for a new hearing. He also filed exceptions to the ruling of the court ordering the action to be dismissed. The case was then continued. It remained on the docket till September term 1864, when the motion to strike out the entry was overruled. This was on the 7th. On the next day another bill of exceptions was filed. It is not an amendment of the original bill ; but purports to be a new bill, and is entitled as of September term 1864. It recites the order to dismiss, which was made at September term 1863 ; the motion to strike out that order ; the continuance ; and the overruling of that motion. It then states that the plaintiff excepts to the ruling of the court by which the order was made, and also to the ruling of the court by which the plaintiff's motion to strike out was overruled.

The defendant now contends that the plaintiff had no right of exception to the last order of the court, by which the plaintiff's motion to strike out was overruled, because this motion was addressed to the discretion of the court. This objection is valid ; for it is clear that no exception lies to a ruling or decision that is within the discretion of the presiding judge.

As to the exception to the ruling which was made in September 1863, the defendant contends that it could not legally be allowed because it was filed too late. By the foregoing statement it appears that the exceptions which were filed in September 1864 had no connection with those filed in September 1863, but must be regarded as filed a year after the ruling was made By Gen. Sts. *c.* 115, § 7, the exceptions should have been filed within three days after the ruling was made. The defendant s objection is therefore valid. See *Elwell* v. *Dizer,* 1 Allen, 484.

*C. Lamson,* for the plaintiffs.

*S. B. Ives, Jr.,* for the defendant.